NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA M. WILLIAMS-HOPKINS, | Case No: 20-226 (SDW) (LDW) |
| Plaintiff, | |
| v. | **OPINION** |
| ALLIED INTERSTATE, LLC, | |
| Defendant. | May 26, 2020 |

**WIGENTON,** District Judge.

Before this Court is Defendant Allied Interstate, LLC's ("Allied" or "Defendant") Motion to Dismiss Plaintiff Rosa M. Williams-Hopkins' ("Williams-Hopkins" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Defendant's motion is **DENIED.**

**I. BACKGROUND AND PROCEDURAL HISTORY**

Defendant Allied is a debt collector based in Minnesota. (D.E. 3-2 ¶ 5.)[1] Defendant "regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes." (*Id.* ¶ 9.) Asserting that Plaintiff "owed certain financial obligations to First Premier Bank," upon which Plaintiff defaulted in September 2006, Defendant mailed Plaintiff a collection letter on or around September 18, 2015 ("Collection Letter"). (*Id.* ¶¶ 13-14, 16.) The Collection Letter states, in relevant part:

---

[1] D.E. 3-2 contains both the Complaint and its exhibits. Page number citations refer to the pagination given by the electronic court filing system. Paragraph citations refer to the paragraphs in the Complaint.

> We are a debt collection company and we have been contracted with on behalf of LVNV Funding, LLC [the current creditor] to collect the debt noted above. This is an attempt to collect a debt . . . .
>
> Our client is interested in resolving this Account and is willing to consider payment for less than the Amount Owed to satisfy your obligation. Although, we are not obligated to accept any payment proposal, please telephone us to discuss potential settlement options.
>
> To make a payment, please telephone us at 866-465-3710 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned . . . .

(*Id.* at 5; *id.* ¶¶ 18-19.)

The Collection Letter also includes the validation and dispute language required under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), stating that Plaintiff has 30 days to "dispute the validity of this debt or any portion thereof," or Defendant will "assume that this debt is valid" ("Dispute Language"). (*Id.* at 5; *id.* ¶ 20.) Per the Collection Letter, Plaintiff owed $104.29. (*Id.* at 5.) Upon reading it, Plaintiff believed she had a legal obligation to pay this debt even though the six-year statute of limitations on it had expired. (*Id.* ¶¶ 17, 22, 24.)

On November 26, 2019, Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Bergen County ("Superior Court"). (*See* D.E. 3 at 1.) On January 7, 2020, Defendant removed this action to this Court. (*Id.*) Defendant moved to dismiss on January 28, 2020, and the parties timely briefed this motion. (D.E. 8, 12, 13.)

**II. LEGAL STANDARD**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

Plaintiff brings one count for violations of the FDCPA, alleging that Defendant, through the Collection Letter, misled Plaintiff into believing "she had a legal obligation to pay the [expired] Debt," and "overshadowed the mandatory disclosure requirements of the FDCPA regarding Plaintiff's right to dispute the debt" by "repeatedly invit[ing] Plaintiff to" pay. (D.E. 3-2 ¶¶ 21-24, 28-32.) The sole issue, however, is whether Plaintiff's FDCPA claim is time-barred. A statute of limitations defense may be raised in a Rule 12(b)(6) motion where a plaintiff's claims are untimely on the "face of the complaint." *Stephens v. Clash*, 796 F.3d 281,

3

288 (3d Cir. 2015). The statute of limitations for FDCPA actions is "one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Absent any tolling, Plaintiff's claim would indisputably be time-barred. Her claim began accruing on September 18, 2015, the date of the Collection Letter, and she filed the instant Complaint in the Superior Court on November 26, 2019. (D.E. 3-2; *see also id.* ¶¶ 14, 18-21.)

The "timely filing of a class action," however, may toll the statue of limitations "for all persons encompassed by the class complaint." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018); *see also Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552-53 (1974). Such tolling (known as *American Pipe* tolling) applies to "unnamed plaintiffs" in the class complaint. *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 611 (3d Cir. 2018). "When class certification is denied, or a purported class member for any reason ceases to be a member of the putative class, the toll ends by operation of law and the limitations period begins to run immediately." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002).

Plaintiff contends that the initiation of *Tatis v. Allied Interstate LLC et al.*, Civ. No. 16-109 ("*Tatis*") on January 8, 2016 in this district tolled the statute of limitations until May 28, 2019, when the individual *Tatis* plaintiffs settled prior to resolution of class certification. (*See* D.E. 12 at 4.) If tolled, Plaintiff's claim would not be time-barred. Defendant, however argues that: (1) Plaintiff would not have been in the *Tatis* class, and thus is unable to invoke *American Pipe* tolling; and (2) even if tolling generally applies, it does not apply to her specific allegation that the Dispute Language was overshadowed, a claim not made in *Tatis*.

### A. *Tatis* Class Membership

*American Pipe* "tolls the applicable statute of limitations for putative class members," *Weitzner*, 909 F.3d at 609, and does not extend to plaintiffs who were not part of the class, or

4

who "cease[d] to be part of the class." *See Berkery v. Verizon Commc'ns Inc*, 658 F. App'x 172, 174-75 (3d Cir. 2016). The complaint in *Tatis* ("Consolidated *Tatis* Complaint") contained two class definitions.[2] The first is defined as:

> All natural persons with an address within in the State of New Jersey to whom, from January 8, 2015 through the final resolution of this case, Allied Interstate, LLC, sent one or more letter(s) in the same or similar form as the letters attached to this complaint, in an attempt to collect an obligation allegedly owed to LVNV Funding, LLC on which the applicable statute of limitations had expired prior to the date of the letter.

(D.E. 13-1 ¶ 69.)

The second is identical, except it lists "March 17, 2015," instead of "January 8, 2015." (*Id. ¶* 70.) Thus, under either definition, class members must have received "letter(s) in the same or similar form as the letters attached to" the Consolidated *Tatis* Complaint. (*Id*. ¶¶ 69-70.)

The letters attached to the Consolidated *Tatis* Complaint ("*Tatis* Letter") and the Collection Letter are virtually identical, except for one paragraph in the respective letters ("Settlement Paragraphs"). (*See* D.E. 3-2 at 5-8; D.E. 13-1 at 31-36.)[3] Namely, the *Tatis* Letter states that "LVNV Funding LLC is willing to accept payment in the amount of $128.99 in settlement of this debt. You can take advantage of this settlement offer if we receive payment of this amount or if you make another mutually acceptable payment arrangement . . . ." (D.E. 13-1 at 31; *see also id.* at 35.) The Collection Letter, instead, states that LVNV Funding LLC is "willing to consider payment for less than the Amount Owed to satisfy your obligation.

---

[2] The parties in *Tatis* filed the operative consolidated complaint on November 16, 2018 (*see* D.E. 13-1), replacing their originally filed complaint ("Original *Tatis* Complaint"). (*See* D.E. 12-1.) This Court will rely on the Consolidated *Tatis* Complaint's class definitions. *See Del Sontro*, 223 F. Supp. 2d at 581 (noting tolling only lasted "until such time as [plaintiff] was no longer a class member" due to amendment of the complaint); *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 46-47 (E.D. Pa. 2007) (relying on a more recent class definition when determining the scope class membership for tolling purposes).

[3] There are two example letters in *Tatis* which are the same, only differing with regard to the specific debtor, date, original creditor, amount owed, and settlement offer amount. (D.E. 13-1 at 31, 35.) The *Tatis* Letter also only differs from the Collection Letter in this regard, and with regard to the Settlement Paragraphs.

Although we are not obligated to accept any payment proposal, please telephone us to discuss potential settlement options." (D.E. 3-2 at 5.) In short, to receive a payment on an expired debt, Defendant made a "settlement offer" in the *Tatis* Letter, and invited discussion of "settlement options" in the Collection Letter. Therefore, Defendant argues they are materially different.

This Court finds, at this juncture, the Collection Letter and *Tatis* Letter are in the "same or similar form," despite the differing language of the Settlement Paragraphs. The Settlement Paragraphs both express the creditor's openness to "settlement" and invite the debtor to settle, without disclosing that the debt expired. As alleged, both also have the same effect—misleading an unsophisticated debtor into believing that the debt is legally enforceable through inviting settlement. (*See id.* ¶¶ 22, 24; D.E. 13-1 ¶¶ 53, 59-60, 66-67.)[4] Given the otherwise identical nature of the Collection Letter and *Tatis* Letter, including identical and repeated mention of sending a "payment," the minor difference between the "settlement offer" and "settlement options" language is not enough to say these letters are not in "similar form." *See Norman v. Allied Interstate, LLC*, 310 F. Supp. 3d 509, 517-18 (E.D. Pa. 2018) (comparing the exact two Settlement Paragraphs at issue here, in substantively identical collection letters, and finding there is "no meaningful difference in these settlement invitations"); *cf. Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 430 (3d Cir. 2018) (in the same *Tatis* matter, noting that "[b]ecause the words 'settlement' and 'settlement offer' could connote litigation, the least-sophisticated debtor could

---

[4] Notably, the Consolidated *Tatis* Complaint's focus with regard to this paragraph was on the effect of the word "settlement" generally—as opposed to the effect of an explicit settlement amount—in misleading an unsophisticated debtor into paying an unenforceable debt. (*See, e.g.*, D.E. 13-1 ¶ 66 (providing a quote stating an "unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement'"); *id.* ¶ 67 (alleging Defendant violated the FDCPA by sending collection letters "which attempted to *settle* time-barred debts" (emphasis in original)); *id.* ¶ 89 (alleging that Defendant violated the FDCPA "[b]y sending numerous collection letters on time-barred debts that referenced a 'settlement' and that did not disclose the legal consequences thereof"). The instant case similarly is premised on the effect of the word "settlement" in misleading Plaintiff into paying an unenforceable debt. (*See* D.E. 3-2 ¶¶ 22-32.) There appears to be little substantive difference between an explicit "settlement offer" and an invitation to discuss "settlement options" in the context of the alleged overall goal of the *Tatis* and Collection Letters to mislead a debtor into paying.

be misled into thinking Allied could legally enforce the debt").[5] This Court finds the Collection Letter and the *Tatis* Letter are in "similar form," and therefore, finds that Plaintiff would have been in the *Tatis* class and is entitled to *American Pipe* tolling.[6]

### B. "Overshadowing" Claims

Defendant additionally argues that, at a minimum, Plaintiff's claim that the Collection Letter's language "overshadowed the mandatory disclosure requirements of the FDCPA regarding Plaintiff's right to dispute the debt," (D.E. 3-2 ¶¶ 31-32) is not entitled to *American Pipe* tolling because this claim was not raised in *Tatis*.

Where a subsequent, but different, claim shares a "common factual and legal nexus with those brought in the prior class action," *American Pipe* tolling may apply. *Crump v. Passaic Cty.*, 147 F. Supp. 3d 249, 260 (D.N.J. 2015) (citing *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 300 (3d Cir. 2010), *as amended* (Oct. 20, 2010)).[7] This is because defendants will have "'the essential information necessary to determine both the subject matter and size of the prospective litigation.'" *Id.* (quoting *Am. Pipe & Const. Co.*, 414 U.S. at 554); *see also In re Cmty. Bank of N. Virginia*, 622 F.3d at 300 (noting other circuits have recognized that where this nexus exists, "there is no persuasive reason for refusing to apply class action tolling, as the defendant will already have received adequate notice of the substantive nature of the claims against it and likely would rely on the same evidence and witnesses in mounting a defense").

---

[5] This Court acknowledges that *Norman* presented a slightly different issue—whether alleging the "settlement options" language was misleading plausibly stated an FDCPA claim. 310 F. Supp. 3d at 517-19. Pointing to the Third Circuit's decision in *Tatis*, which found the "settlement offer" language sufficiently misleading to state an FDCPA claim, *Norman* found the "settlement options" and "offer" language were not meaningfully different, and thus, found the *Norman* plaintiff had plausibly stated an FDCPA claim. *Id.* at 518 (citing *Tatis*, 882 F.3d at 429-30).
[6] Defendant does not argue whether Plaintiff plausibly states an FDCPA claim based on the allegedly misleading nature of the Collection Letter. Additionally, if further discovery reveals that Plaintiff would not have been in the *Tatis* class, Defendant may renew its argument at summary judgment.
[7] The Third Circuit recognized that other circuits are split on this rule, but declined adopt or reject it. *See In re Cmty. Bank of N. Virginia*, 622 F.3d at 300. Subsequent decisions in this district have adopted it. *See Crump*, 147 F. Supp. 3d at 260; *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, Civ. No. 11-2658, 2012 WL 426267, at *3 (D.N.J. Feb. 7, 2012)

This Court finds Plaintiff's overshadowing claim shares a "common factual and legal nexus" with the claim in *Tatis*. First, the facts parallel almost entirely. In both, Defendant sends a debtor virtually identical collection letters, with identical Dispute Language, for an expired debt. (*See* D.E. 3-2 at 5; D.E. 13-1 at 31-36.) Second, the *Tatis* claim is premised on Defendant allegedly using collection letters to mislead a debtor into paying part of an unenforceable debt. (D.E. 13-1 ¶¶ 52-67.) Plaintiff's overshadowing claim is related—by "repeatedly invit[ing]" a debtor to pay this debt, the Collection Letter "overshadowed" her right to dispute it. (D.E. 3-2 ¶¶ 29-32.) In other words, both claims are predicated on Defendant's alleged attempt to mislead a debtor into paying part of an unenforceable debt in violation of the FDCPA. *See In re Cmty. Bank of N. Virginia*, 622 F.3d at 300 (stating, in dictum, that plaintiff has "a strong argument" that its claims "share a common factual and legal nexus" with class action claims based on a different statute, as both were "predicated on defendants' alleged predatory lending scheme" and fraudulent charges); *see also Crump*, 147 F. Supp. 3d at 261 (declining to dismiss a claim at the motion to dismiss stage, where the court could not determine whether the claims share a "common factual and legal nexus"). Therefore, at this juncture, this Court finds *American Pipe* tolling applies to Plaintiff's overshadowing claim, and declines to dismiss this aspect of Plaintiff's claim as untimely.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. An appropriate Order follows.

                                                s/ *Susan D. Wigenton*
                                                **SUSAN D. WIGENTON**
                                                **UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Leda Dunn Wettre, U.S.M.J.
              Parties